Mathew W. PLACZEK, Appellant,

v.

Thomas G. STRONG; John Wooddell; Strong & Wooddell, P.C., A Corporation, Appellees.

No. 88–1649.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 18, 1988.

Decided March 3, 1989.

James J. Virtel, St. Louis, Mo., for appellant.

Steve Garner, Springfield, Mo., for appellees.

Before McMILLIAN and BOWMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Mathew W. Placzek (appellant) appeals from a final order entered in the District Court[1] for the Western District of Missouri dismissing without prejudice his complaint for failure to state a claim. His complaint alleged claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001–1461 (ERISA), for profit sharing plan benefits and breach of fiduciary duty, as well as state law claims relating to compensation. *Placzek v. Strong*, No. 87–3663, slip op. at 1 (W.D.Mo. Feb. 22, 1988).

For reversal, appellant argues that (1) the district court erred in holding that he must have been paid compensation for 1986 in order to recover any benefits under the ERISA plan and (2) he could not assert a cause of action for breach of fiduciary duty. For the reasons discussed below, we affirm the order of the district court.

Appellant became a partner in appellee Thomas G. Strong's law firm in January 1977. Appellee John W. Wooddell became a partner in the firm in January 1983. The three partners shared earned profits until appellant resigned in April 1986.

In November 1980, the firm established an ERISA plan which provides for discretionary employer contributions of up to fifteen percent of the participant's compensation to be paid during a plan year. A precondition to payment of any benefits under the plan is that a member must have received compensation during the plan year in question.

Appellant claims that he is entitled to compensation in excess of $200,000 from January 1, 1986, through the date of his resignation later in 1986. He further claims that he is entitled to an employer contribution to his ERISA plan of $30,000, based on the amount of compensation he is allegedly owed. However, he has never received any compensation for 1986, and the amount of compensation he is actually

owed for that year is the core of his dispute with his former employer.

Appellant filed his complaint in federal district court in December 1987. Jurisdiction of the federal court was invoked under ERISA law. Appellant argues that his state law claims are properly pendent.

The district court held that because appellant never received any compensation for 1986, he has therefore not satisfied the precondition stated in the plan. For that reason, the district court held that appellant's complaint does not state a claim under ERISA. Further, the district court held that a plaintiff may only bring a cause of action for breach of fiduciary duty under ERISA when the alleged breach is one of duty to the plan itself. *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 142, 105 S.Ct. 3085, 3090, 87 L.Ed.2d 96 (1985).

Having carefully reviewed the record and the claims raised by appellant, we conclude that the district court correctly dismissed appellant's complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

Accordingly, we summarily affirm the order of the district court. *See* 8th Cir. R. 14.

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.