963 F.2d 377
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Gloria Jean WHEELER, Appellant,
Robert C. Wheeler
v.
The HARTFORD FIRE INSURANCE COMPANY RETIREMENT PLAN; Russell
C. Everett, III, Appellees.
 No. 91-2578.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 7, 1992.
Filed: May 28, 1992.
 
 Before Wollman, Circuit Judge, Bright, Senior Circuit Judge, and Beam, Circuit Judge.
 PER CURIAM.
 
 
 1
 Gloria Jean Wheeler appeals from the final judgment of the district court[1] summarily dismissing the action for failure to state a claim upon which relief can be granted. For reversal, Wheeler alleges that the district court erred in dismissing her individual and derivative ERISA-based claims against Hartford Fire Insurance Company [Hartford] and Russell C. Everett III, the personnel director of Hartford's Central Division at the time Wheeler retired. We affirm.
 
 
 2
 Wheeler worked in the claims department of Hartford's Springfield, Missouri office from May 1971 through her voluntary early retirement in July 1987. Before retiring, she asked certain Hartford management employees if the company planned to close the Springfield office before December 31, 1987. Wheeler indicated that she would defer her retirement beyond July 1987 if the Springfield office were scheduled to close before the end of 1987. Wheeler was told that the office was not scheduled to close. On or about July 31, 1987, Wheeler retired with fully vested pension benefits under the terms of the Hartford Fire Insurance Company Retirement Plan [the Plan]. After notifying the remaining employees in October 1987, Hartford closed the Springfield office on December 1, 1987.
 
 
 3
 Wheeler sued Hartford and Everett for compensatory, declaratory and injunctive relief. She brought a derivative claim under ERISA, asserting that Hartford breached its fiduciary duty to vested employees by deliberately and/or negligently failing to disclose its intent to close claims offices throughout the United States. Wheeler also sought individual relief under 29 U.S.C. § 1140 (1988), alleging: (1) Everett interfered with her ERISA rights by refusing to process her initial appeal, a letter she wrote to Hartford's Chairman of the Board (Count I); (2) Hartford violated the terms of the Plan by failing to notify her and other vested employees that it intended to close the Springfield office (Count II) and (3) Hartford's negligent misrepresentations caused her to take early retirement and deprived her of five months' salary and five months of vested time in the Plan.
 
 
 4
 The defendants moved to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). The district court granted the defense motion in an unpublished opinion, ruling: (1) no derivative action would lie under ERISA because Wheeler failed to allege a breach of fiduciary duty to the Plan itself; (2) no claim of interference with vested pension rights would lie under section 1140 because Wheeler took voluntary early retirement and (3) the remaining individual claims were subject to dismissal because Hartford had no duty to notify Wheeler or other employees of its plan to close the Springfield office. This appeal followed.
 
 
 5
 We review a complaint de novo after a Rule 12(b)(6) dismissal by the district court, accepting as true all well-pleaded allegations and construing the complaint and all inferences drawn from it in the light most favorable to the plaintiff.[2] Wells v. Walker, 852 F.2d 368, 369-70 (8th Cir. 1988), cert. denied, 489 U.S. 1012 (1989). A dismissal may not be made on the basis that the judge disbelieves the plaintiff's factual allegations. Neitzke v. Williams, 490 U.S. 319, 327 (1989). It must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 6
 After carefully reviewing the record and the briefs submitted by the parties, we conclude, as did the district court, that Wheeler's complaint fails to state a claim upon which relief can be granted. Wheeler has not stated a derivative claim for breach of fiduciary duty under ERISA because she only alleged injury to the vested employees, not the Plan itself. See, e.g., Placzek v. Strong, 868 F.2d 1013, 1014 (8th Cir. 1989) (per curiam). Similarly, we conclude, as did the district court, that no basis exists for Wheeler's individual claims under 29 U.S.C. § 1140. Accordingly, we affirm on the basis of the well-reasoned opinion of the district court. See Wheeler v. Hartford Fire Ins. Co., No. 90-0267-CV-W-8 (W.D. Mo. May 15, 1991).
 
 
 
 [1]
 The Honorable Joseph E. Stevens, United States District Judge for the Eastern and Western Districts of Missouri
 
 
 [2]
 Although the district court did not expressly cite Rule 12(b)(6) in its order dismissing the complaint, it did note that it was "considering a motion to dismiss for failure to state a claim." Order at 2. We interpret this to mean that the district court proceeded under Rule 12(b)(6)