Elgen LONG, Robert Bax, Oakley Smith; John Keenan, Plaintiffs–Appellants,

v.

FLYING TIGER LINE, INC. FIXED PENSION PLAN FOR PILOTS; the Flying Tiger Line, Inc., et al., Defendants–Appellees.

No. 91–16761.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 1993.

Decided June 1, 1993.

Jeffrey Lewis, Sigman & Lewis, Oakland, CA, for plaintiffs-appellants.

Robert A. Siegel, O'Melveny & Myers, Los Angeles, CA, for defendants-appellees.

Before: GOODWIN, HUG, and FLETCHER, Circuit Judges.

GOODWIN, Circuit Judge:

Flying Tiger Line, Inc. ("Flying Tiger") and the Flying Tiger pilots' former union entered into a collectively bargained agreement regarding pilot pension benefits. Appellants, four former Flying Tiger pilots, seek enforcement of the terms of the summary plan description of the pension agreement pursuant to 29 U.S.C. § 1022(a)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA").

The district court found that it lacked subject matter jurisdiction over appellants' claim because (1) a Railway Labor Act-mandated arbitration board had determined appellants' rights under the pension plan, and (2) ERISA does not provide an independent statutory right to enforcement of the summary plan description. We affirm.

### System Board of Adjustment Determination

The Railway Labor Act requires that an air carrier and its employees establish a system board of adjustment with jurisdiction over disputes "growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions." 45 U.S.C. § 184. "No federal or state court has jurisdiction over the merits of any employment dispute subject to determination by a system board of adjustment." *De la Rosa Sanchez v. Eastern Airlines, Inc.*, 574 F.2d 29, 32 (1st Cir. 1978). Railway Labor Act-mandated boards

are the "mandatory, exclusive, and comprehensive system for resolving grievance disputes." *Brotherhood of Locomotive Eng'rs v. Louisville & Nashville R.R. Co.*, 373 U.S. 33, 38, 83 S.Ct. 1059, 1062, 10 L.Ed.2d 172 (1963). Judicial review is appropriate only if a system board oversteps its jurisdiction, or if it commits fraud or corruption. 45 U.S.C. § 153(q).

The collectively bargained agreement between Flying Tiger and the pilots' former union, the Air Line Pilots Association, International ("ALPA"), provided for two pilot pension plans: the Fixed Pension Plan and the Variable Annuity Pension Plan. Pension benefits are calculable under either section 10.1 or section 10.2 of the Fixed Plan. It is undisputed that a pilot is entitled to the greater of the two calculable pensions under the Fixed Plan. Appellants and Flying Tiger also agree that a pilot who opts for a Fixed Plan benefit under section 10.1 is not entitled to a separate Variable Plan benefit. Appellants and Flying Tiger disagree whether a pilot who chooses a Fixed Plan benefit under section 10.2 is also entitled to a separate Variable Plan benefit.

Appellants stress that the summary plan description expressly states that a pilot may opt for a Fixed Plan benefit under section 10.2 and also receive a benefit under the Variable Plan. Flying Tiger concedes that the terms of the summary plan description provide that the Variable Plan benefit is added to, rather than subtracted from, the benefit provided by section 10.2 of the Fixed Plan. It maintains, nonetheless, that the summary plan description, read in the context of the plan document and the bargaining history, contains a mistake which does not reflect the intent of Flying Tiger or ALPA, and therefore cannot be enforced.

■ An employee pension plan falls within the scope of the Railway Labor Act and is subject to its mandatory arbitration procedures. *Air Line Pilots Ass'n, Int'l v. Northwest Airlines, Inc.*, 627 F.2d 272, 275 (D.C.Cir.1980). Flying Tiger and appellant Long referred this dispute to the Retirement Board, a special system board of adjustment with authority to decide all disputes regarding the pension plan's application, interpretation or administration. The Retirement Board rejected Long's claim. Appellants concede that this determination is equally applicable to the other three pilots who are parties to this appeal.

## ERISA Claim

■ Appellants maintain that the district court had subject matter jurisdiction to enforce the unambiguous terms of the summary plan description. 29 U.S.C. § 1022(a)(1) provides, in relevant part, that a summary plan description "shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." If the statutory claim "is independent of the correct construction of the pension plan, [then] the District Court had jurisdiction of that statutory claim." *Air Line Pilots Ass'n*, 627 F.2d at 277. The interpretation of ERISA, a federal statute, is a question of law subject to de novo review. *Arnold v. Arrow Transp. Co. of Delaware*, 926 F.2d 782, 785 (9th Cir.1991).

■ The legislative history of ERISA does not reveal whether Congress intended to create a statutory right to enforce a summary plan description against a system board's determination of the scope of the collectively bargained pension plan. To buttress their argument in favor of an independent statutory right, appellants rely on a number of cases that provide that in the event of a conflict between a pension plan and the express provisions of a summary plan description, the terms of the summary must prevail. *See McKnight v. Southern Life & Health Ins. Co.*, 758 F.2d 1566, 1570–71 (11th Cir.1985) (employee entitled to pension pursuant to summary plan description even though plan itself did not provide such benefits); *see also Senkier v. Hartford Life & Accident Ins. Co.*, 948 F.2d 1050, 1051 (7th Cir.1991) (must also demonstrate reliance on language of summary plan description); *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 982 (5th Cir.1991) (no need to prove detrimental reliance); *Heidgerd v. Olin Corp.*, 906 F.2d 903, 907–08 (2d Cir.1990) (same); *Edwards v. State Farm Mut. Auto. Ins. Co.*, 851 F.2d 134,

136–37 (6th Cir.1988) (same). The Ninth Circuit has not yet reached this issue.[1]

These cases suggest that the Retirement Board had reason to defer to the express language of the summary plan description in the event of a contradiction between the summary and the plan itself. Nonetheless, the issue before this court is whether the district court had subject matter jurisdiction over appellants' claim for relief. Without such jurisdiction, the district court cannot consider the correctness of the Retirement Board's decision or the relevance of the *McKnight* line of cases.

In limited circumstances, ERISA does provide independent statutory rights. In *Amaro v. Continental Can Co.*, 724 F.2d 747 (9th Cir.1984), for instance, we held that section 510 of ERISA provides a statutory right independent of the construction of a pension agreement. *Id.* at 748–49. Section 510 prohibits "interference with the attainment of any rights to which a person may become entitled under the provisions of an employee benefit plan that falls within the coverage of ERISA." *Id.* at 749. We concluded that a claim under section 510 is "not for benefits under a collective bargaining agreement. The employees, in fact, are not yet eligible for those benefits." *Id.* Two other circuits have found an independent statutory claim based on a party's breach of its fiduciary obligations to the pension. *Placzek v. Strong*, 868 F.2d 1013, 1014 (8th Cir.1989) (independent claim if breach of fiduciary duty to plan itself); *Air Line Pilots Ass'n*, 627 F.2d at 277 (independent claim if air carrier breached fiduciary duty through deliberate and unnecessary withholding of funds due pilots and use of funds to decrease its own contributions to trust fund).

These decisions are distinguishable from the present case. The question whether an employer is interfering with the attainment of rights under a pension plan, for example, is a separate issue from the nature of those rights once they are attained by an employee. *See Amaro*, 724 F.2d at 749. In contrast, any claim relating to the construction of a pension plan can be transformed into a claim that a summary plan description was insufficiently accurate or complete. If a system board of adjustment issues a determination contrary to an employee's construction of a pension plan, the employee can always claim that the summary plan was not "written in a manner calculated to be understood by the average plan participant, and [was not] sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." 29 U.S.C. § 1022(a)(1).

If we were to find subject matter jurisdiction over such a claim, we would eviscerate the Railway Labor Act's system of arbitrating disputes. No longer would the decision of a system adjustment board be the final word on disputes "growing out of ... the interpretation or application of agreements concerning rates of pay, rules, or working conditions." 45 U.S.C. § 184. Nothing in ERISA's legislative history supports such a sweeping change in the treatment of Railway Labor Act claims. To the contrary, Congress's enactment of ERISA, which opened the federal courts to suits over the interpretation of pension plans, did not "modif[y] the exclusivity of this pattern of the Railway Labor Act." *Air Line Pilots Ass'n*, 627 F.2d at 275. ERISA explicitly provides: "Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States (except as provided in sections 1031 and 1137(b) of this title) or any rule or regulation issued under any such law." 29 U.S.C. § 1144(d) (excepted sections irrelevant to present case).

The present action, despite being clothed as an independent ERISA claim, is an attempt to relitigate the very issue decided by the Retirement Board. In determining the extent of the pilots' benefits under the collectively bargained pension agreement, it was within the Retirement Board's jurisdiction to consider the weight that should be accorded

---

1. Appellants mischaracterize a reference in *Arnold* as an endorsement of *Edwards*. In *Arnold*, an employee claimed that a summary plan description contained a promise of certain benefits. 926 F.2d at 784–85 n. 3. The court cited *Edwards* and related cases only to support its finding that the employee's allegation based on the summary plan description constituted "a claim for benefits under the Retirement Plan and ERISA." *Id.* at 785 n. 3; *cf. id.* at 787 (Ferguson, J., dissenting) (following *Edwards* and *McKnight*).

to the summary plan description.[2] We therefore affirm the district court's holding that it lacked subject matter jurisdiction over the interpretation of the summary plan description.

### Attorney's Fees

Both parties seek attorneys' fees on appeal pursuant to 29 U.S.C. § 1132(g). Because we find in favor of Flying Tiger on the merits, we deny appellants' request for attorneys' fees. Furthermore, we deny Flying Tiger's request for attorneys' fees on the following grounds: appellants did not act in bad faith; any such award would have a deterrent effect on others bringing such suits; appellants' action would have benefited other members of their pension plan; and, although we rule in Flying Tiger's favor, appellant's action was not without some merit. *See Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980) (standard for awarding attorney's fees under ERISA).

AFFIRMED.

---

2. Consequently, the Retirement Board did not exceed its jurisdiction under 45 U.S.C. § 184, and its decision is not reversible pursuant to 45 U.S.C. § 153(q).