17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank BISCEGLIA, Plaintiff-Appellant,
v.
Joseph BISCEGLIA, Joe's Plumbing, JOE'S Plumbing Keogh Plan,
and Does 1 To 50, inclusive, Defendant-Appellees.
 No. 92-16561.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 14, 1994.*
Decided Feb. 17, 1994.
 
 1
 Before: SCHROEDER, NOONAN, Circuit Judges, and JONES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 In 1977, Joseph Bisceglia established a Keogh Plan (Plan) for the employees of his business, Joe's Plumbing. According to the terms of the Plan, contributions would be made to the Plan by Joseph Bisceglia at his sole discretion. All of the employees of Joe's Plumbing would participate in the Plan and each would have a pro-rata share of the Plan depending on the ratio of his salary to the salaries of all the participants in the Plan. Joseph Bisceglia's share of the Plan was 34 percent, while defendant Frank Bisceglia's share was about 21 percent.
 
 
 4
 Joseph Bisceglia was the Plan trustee and administrator. He had very little education or investment experience, so at the advice of his accountant, he hired Frank Pirtle to set up the Plan and recommend investments. Joseph Bisceglia's accountant of 17 years recommended Pirtle, and Bisceglia checked with two of Pirtle's other clients. Pirtle was well-qualified; he holds a marketing degree and a number of professional licenses and qualifications in the area of investment and financial advice. Beginning in 1981, Joseph Bisceglia's Keogh Plan made a number of investments upon Pirtle's recommendation; all of these investments were paid in full and delivered a return in excess of 17 percent.
 
 
 5
 In 1985, Pirtle recommended that the Plan invest $50,000 in FPI Huntsville Partners 842. The Plan did so, earning interest payments until 1986, when the partnership failed to pay agreed upon payments. The partnership went bankrupt in 1989. In 1986, the Plan invested, at the recommendation of Pirtle, $17,000 in Crow Canyon Lenders. In 1987, in order to try and prevent foreclosure, the Plan lent an unsecured $1,700 to Crow Canyon. The value of the Plan's investment in Crow Canyon was zero in 1989. The value of Frank Bisceglia's interest in the Plan was $28,634 in 1986; the value dropped to $2,075 in 1989, as a result of the real estate deal failures.
 
 
 6
 Frank Bisceglia brought suit, contending that Joseph Bisceglia, as trustee for the Plan, had violated his fiduciary duty to the beneficiaries of the Plan by making imprudent investments and by failing to diversify, because the investments made by the Plan were heavily weighted toward real estate. The magistrate judge below held that Joseph Bisceglia did not violate the prudent man standard in making the investments generally and that, though he did fail to diversify, it was prudent of him to do so in the circumstances. Frank Bisceglia appeals the magistrate judge's decision. We affirm.
 
 DISCUSSION
 
 7
 The interpretation of ERISA is a question of law reviewed de novo. Long v. Flying Tiger Line, Inc., 994 F.2d 692, 694 (9th Cir.1993). This court reviews a lower court's findings of fact using the clearly erroneous standard. Fed.R.Civ.P. 52(a); Securities & Exchange Comm'n v. American Principals Holding, Inc., 962 F.2d 1402, 1405 (9th Cir.), cert. denied, 113 S.Ct. 210 (1992). This court reviews trustee's actions under ERISA using the prudent person test; "the source for the prudent person test set forth in Sec. 1104(a)(1)(B) is the prudent person test as developed in the common law of trusts." Donovan v. Mazzola, 716 F.2d 1226, 1231 (9th Cir.1983) (Alarcon, J.). Although the basis for the prudent person test in ERISA cases is the common law of trusts, "Courts have also recognized that in enacting ERISA Congress made more exacting the requirements of the common law of trusts relating to employee benefit trust funds." Id.
 
 Joseph Bisceglia's Performance as Trustee
 
 8
 Frank Bisceglia contends that Joseph Bisceglia failed to satisfy the demands of both 29 U.S.C. Sec. 1104(a)(1)(B) and 29 U.S.C. Sec. 1104(a)(1)(C). The former requires that a fiduciary discharge his duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." Normally a fiduciary must diversify the trust's investment assets so as to minimize the risk of large losses unless under the circumstances it is clearly prudent not to do so.
 
 
 9
 There is little question that Joseph Bisceglia failed to diversify. The Plan had over 90 percent of the Plan assets invested in real estate and mortgages, while 36 percent of the assets were invested in one real estate partnership.
 
 
 10
 The magistrate judge based her finding primarily on the fact that Joseph Bisceglia was prudent in relying on the advice of his investment adviser Pirtle. Although reliance on an adviser will not immunize a trustee's actions, it is a factor to be weighed in determining whether a trustee has breached his or her duty. See Donovan at 1234.
 
 
 11
 Clearly, Joseph Bisceglia was prudent, at least without hindsight, in his selection of Pirtle as an investment adviser. Pirtle was recommended by Bisceglia's well-trusted accountant, Bisceglia contacted other clients of Pirtle, and Pirtle was objectively well-qualified.
 
 
 12
 As mentioned, normally a trustee cannot rely simply on an expert's advice, but must independently satisfy the demands of the prudent investor. However, in this case any investigation by Joseph Bisceglia would have been totally fruitless. He had no sophistication in the business world, nor any personal knowledge of investments. The analysis of whether a trustee has functioned as a prudent person must be done on a case-by-case basis. Under the unique circumstances of this case, an independent investigation by this trustee would have been infructuous and he had the right to rely on his investor's advice, which had been quite prudent in the past.
 
 
 13
 We agree with the magistrate judge that under the circumstances of this case the trustee did not violate his fiduciary duty to the beneficiary and we affirm the magistrate judge.
 
 
 14
 Frank Bisceglia v. Joseph Bisceglia, et al., No. 92-16561 NOONAN, Circuit Judge, dissenting:
 
 
 15
 Joseph Bisceglia acted imprudently as a trustee. If he was incapable of acting prudently, he should not have been the trustee. He cannot excuse his own imprudence by blaming his financial advisor. I would impose liability.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3