108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rod McKINNEY; CF Air Freight Employees, Plaintiffs-Appellants,
v.
EMERY AIR FREIGHT CORPORATION, Defendant-Appellee.
 No. 96-15602.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1997.
Decided March 13, 1997.
 
 1
 Before: SCHROEDER and O'SCANNLAIN, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Rod McKinney and other CF Air Freight ("CFAF") employees appealed the district court's summary judgment in favor of Emery Air Freight Corporation, d/b/a Emery Worldwide ("Emery"). McKinney brought this "hybrid" action pursuant to section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), alleging Emery's breach of a collective bargaining agreement and the International Brotherhood of Teamsters' breach of its duty of fair representation following a CFAF/Emery corporate merger and work force consolidation. After several years of litigation, the issue of whether Emery is bound by the terms of a prior collective bargaining agreement was submitted to a Joint Grievance Committee. Following a hearing conducted in the absence of plaintiffs, the Committee decided that Emery was not bound by the contract. This appeal involves the employees' claims that the union breached its duty of fair representation in connection with the grievance proceeding.
 
 
 4
 The employees' principal claim is that the union breached its duty by refusing to represent them at the grievance hearing. The district court ruled that this claim was barred by the six-month statute of limitations, because plaintiffs received notice that the union would not represent them more than six months before the complaint was filed in district court. See DelCostello v. Teamsters, 432 U.S. 151, 172 (1983). Plaintiffs contend on appeal that the district court erred because when the claim of breach of duty of fair representation involves a grievance or arbitration proceeding the claim does not accrue until the plaintiffs learn the result of the proceeding. The Ninth Circuit authority relied on by plaintiffs, however, establishes no such bright line rule. See Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir.1986) (where union decides not to bring grievance at all, cause of action accrues "when the employee learns or should have learned of the union's decision"). Kozy v. Wings West Airlines, 89 F.3d 635 (9th Cir.1996), is distinguishable because it involved a union's allegedly flawed representation at an arbitration hearing, rather than a failure to represent at all, and because its ruling was based on jurisdictional requirements not present here. See id. at 637-40. The district court correctly concluded this case was most analogous to the Second Circuit's decision in Buttry v. General Signal Corp., 68 F.3d 1488 (2d Cir.1995), and our circuit law is not inconsistent with that decision. See Galindo, 793 F.2d at 1509.
 
 
 5
 Appellants also contend that the union breached its duty by failing to give them adequate notice of the grievance hearing. Here again we agree with the district court that the appellants received ample notice in the July and November letters. The letters told the appellants that their grievance would be considered at the upcoming meetings, and instructed them to call for precise details. They never did, and have offered no explanation for their failure to do so.
 
 
 6
 Finally, appellants contend that they have an independent claim of breach in connection with the role that Archie Murrietta played in the conduct of the grievance proceeding, and that they could not have known of this claim until the November 8 hearing. The record shows, however, that despite receiving notice, appellants never appeared at the hearing and did nothing to protect their interests there. We agree with the district court that appellants did "nothing at all" to avail themselves of the grievance process. They should not now be heard to complain about the manner in which it was conducted.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3