Henry VARTANIAN; et al., Plaintiffs–Appellants,

v.

AMFA LOCAL # 9; et al., Defendants–Appellees.

No. 06–17063.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2008.

Filed July 8, 2008.

William R. Hopkins, Law Offices of William Hopkins, Mill Valley, CA, for Plaintiffs–Appellants.

Nicholas P. Granath, Aliki Recklitis, Stanley J. Silverstone, Seham Seham Meltz & Petersen, LLP, White Plains, NY, Rebekka Martorano, Ryan & Fong, Sacramento, CA, Gary S. Kaplan, Joshua L. Ditelberg, Chicago, IL, Adrienne E. Nelson, Seyfarth Shaw LLP, San Francisco, CA, for Defendants–Appellees.

Before: WALLACE and GRABER, Circuit Judges, and SCHIAVELLI,* District Judge.

### MEMORANDUM **

Henry Vartanian, Normal Lew, Luis Bill, and Baudilo Perez (Appellants) appeal from the district court's judgment dismissing their complaint against United Airlines, Inc. (United) and the Aircraft Mechanics Fraternal Association (the Union). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The Railway Labor Act (Act) establishes a mandatory arbitration procedure for all minor disputes "concerning rates of pay, rules, or working conditions" that arise out of "the interpretation or application" of a collective bargaining agreement. 45 U.S.C. § 153(i). That is precisely the type of claim that Appellants brought before the district court, and the court correctly held that it lacked jurisdiction. *See Kozy v. Wings West Airlines, Inc.*, 89 F.3d 635, 638–39 (9th Cir.1996) (describing the Act arbitration procedure as "mandatory, exclusive, and comprehensive").

■ Appellants have not demonstrated that they qualify for a "futility" exception to the mandatory arbitration scheme, because they have not shown the Union's actions to be "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). To the contrary, the Union provided fully adequate representation throughout the grievance procedure, culminating in an unsuccessful arbitration before the System Board of Adjustment.

■ The district court also did not err by considering evidence outside the plead-

---

* The Honorable George P. Schiavelli, United States District Court for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ings in dismissing Appellants' claims. Once the Union and United presented a factual attack on jurisdiction, the district court was entitled to "review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Appellants' related argument that they were entitled to conduct jurisdictional discovery is likewise unavailing. The Union submitted affidavits demonstrating that Appellants' grievances were moving forward and the matter could be resolved through arbitration. Appellants argue that additional discovery would have revealed that the Union failed to keep them "informed and notified of openings," but this information would not have affected the district court's underlying lack of jurisdiction.

 Finally, the district court, in dismissing Appellants' claims, awarded "reasonable costs and fees" to the Union. After the district court's order, the Union filed a motion "to set reasonable attorney's fees," seeking a total of $49,925. The district court never ruled on this motion. On appeal, counsel for the Union stated the Union would not pursue attorney's fees pursuant to the district court's order. *See* Fed.R.Civ.P. 54(d) (allowing district courts to award "costs *other than* attorney's fees" to the prevailing party, and requiring parties seeking attorney's fees to submit a motion outlining, inter alia, the "statute, rule, or other grounds entitling the movant to the award" (emphasis added)). In light of this representation, the Union is barred from seeking attorney's fees before the district court.

**AFFIRMED.**