NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JEFFREY J. MEDIRAN, | ) | No. 09-16504 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 3:09-cv-00538-TEH |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| THE INTERNATIONAL | ) | |
| ASSOCIATION OF MACHINISTS | ) | |
| AND AEROSPACE WORKERS; | ) | |
| UNITED AIRLINES, a corporation, | ) | |
| | ) | |
| Defendants – Appellees. | ) | |
| | ) | |
| | ) | |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, Senior District Judge, Presiding

Argued and Submitted March 16, 2011
San Francisco, California

Before: NOONAN, FERNANDEZ, and CLIFTON, Circuit Judges.

Jeffrey Mediran appeals the district court's grant of judgment on the

pleadings as to his claim for breach of the duty of fair representation against his

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. Rule 36-3.

union, the International Association of Machinists and Aerospace Workers (IAM), and his related claim against his former employer, United Airlines (United). We reverse in part and affirm in part.

Mediran asserts that the district court erred when it determined that on the face of the pleadings,[1] the statute of limitations[2] barred his duty of fair representation claim against IAM.[3] We agree. When a union does not process a grievance for an extended period, the limitations period may well commence, even if the union has not expressly stated that it will not process the grievance. See Lacina v. G-K Trucking, 802 F.2d 1190, 1192 (9th Cir. 1986) (relying upon Metz v. Tootsie Roll Indus., Inc., 715 F.2d 299, 304 (7th Cir. 1983)), vacated and

---

[1]See Fed. R. Civ. P. 12(c); Underwood Cotton Co., Inc. v. Hyundai Merch. Marine (Am.), Inc., 288 F.3d 405, 407 (9th Cir. 2002). As with other issues, a statute of limitations bar must appear on the face of the pleadings. See Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd., 132 F.3d 526, 529 (9th Cir. 1997); Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

[2]The statute of limitations is six months. See Galindo v. Stoody Co., 793 F.2d 1502, 1508 (9th Cir. 1986). It begins to run when the employee "knows or should know" of the alleged breach. Id. at 1509.

[3]Of course, a union has a duty to "'serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" Diaz v. Int'l Longshore and Warehouse Union, Local 13, 474 F.3d 1202, 1205 (9th Cir. 2007); see also DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164, 103 S. Ct. 2281, 2290, 76 L. Ed. 2d 476 (1983).

2

remanded on other grounds, <u>Lacina v. G-K Trucking</u>, 483 U.S. 1002, 107 S. Ct. 3224, 97 L. Ed. 2d 731 (1987); <u>see also</u> <u>Galindo</u>, 793 F.2d at 1509. Where a union not only fails to act but also, by making numerous false representations, misleads the employee into believing that the claim is being processed, it is pellucid that it cannot be said that the employee knew or should have known that the union had breached its duty to fairly represent him. <u>See</u> <u>Stallcop v. Kaiser Found. Hosps.</u>, 820 F.2d 1044, 1049–50 (9th Cir. 1987). In fact, we have referred to that kind of behavior as a basis for equitable tolling of the statute of limitations. <u>See</u> <u>id.</u>; <u>see also</u> <u>Atkins v. Union Pac. R.R. Co.</u>, 685 F.2d 1146, 1148–49 (9th Cir. 1982). Here Mediran sufficiently and plausibly pled that over the long period of delay the IAM representatives continued to inform him that his claim was going forward and being processed. Once they admitted that it was not, he filed this action within six months. As we see it, he pled enough to avoid judgment on the pleadings;[4] thus, the district court erred.[5]

_____

[4]<u>See</u> <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

[5]This requires that we reverse the district court judgment on the pleadings as to IAM. That might have led to reversing the judgment as to United also in this hybrid action. <u>See</u> <u>DelCostello</u>, 462 U.S. at 163–64, 103 S. Ct. at 2290; <u>Kozy v. Wings W. Airlines, Inc.</u>, 89 F.3d 635, 638 n.2 (9th Cir. 1996). However, in his opening brief, Mediran expressly conceded that the causes of action other than the

(continued...)

3

We recognize that we could go on to consider whether the district court could be affirmed on another basis,[6] such as a failure to state a claim. However, the district court did not rule on that issue, and we are loathe to do so in the first instance because if that was the only defect, the district court might well have wished to grant leave to amend. See Fed. R. Civ. P. 15; See Lapidus v. Hecht, 232 F.3d 679, 684 (9th Cir. 2000); Reich v. Dist. Lodge 720, Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO, 11 F.3d 1496, 1504 (9th Cir. 1993). We do not opine on that question.

Mediran also claims that the district court should have granted his motion for relief from judgment[7] and to amend.[8] In light of our disposition of the statute of limitations claim, those issues are moot.

REVERSED as to IAM; AFFIRMED as to United.

---

[5](...continued)
count against IAM, were properly dismissed — that includes the cause of action against United.

[6]See Clark v. Yosemite Cmty. Coll. Dist., 785 F.2d 781, 789 (9th Cir. 1986).

[7]See Fed. R. Civ. P. 60(b).

[8]Of course, he could not have amended after the judgment was entered, unless the Rule 60(b) motion was granted. See Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996). It was not.