**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW J. DEBEIKES,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>HAWAIIAN AIRLINES, INC.;<br>ASSOCIATION OF FLIGHT<br>ATTENDANTS; JOHN DOES, 1 to 10,<br><br>        Defendants-Appellees. | No.   15-17324<br><br>D.C. No.<br>1:13-cv-00504-ACK-RLP<br><br><br>MEMORANDUM* |

| | |
|---|---|
| MATTHEW J. DEBEIKES,<br><br>        Plaintiff,<br><br> and<br><br>SHAWN ANTHONY LUIZ I,<br><br>        Appellant,<br><br>  v.<br><br>HAWAIIAN AIRLINES, INC.;<br>ASSOCIATION OF FLIGHT<br>ATTENDANTS; JOHN DOES, 1 to 10,<br><br>        Defendants-Appellees. | No.   16-15276<br><br>D.C. No.<br>1:13-cv-00504-ACK-RLP |

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted February 16, 2018[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

Matthew J. Debeikes appeals from the district court's grant of summary judgment and challenges its denial of his request to reopen discovery. He also, along with his attorney Shawn Anthony Luiz, appeals the district court's award of sanctions for filing a frivolous amended complaint. As the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

A

The district court did not err in granting summary judgment on Debeikes's claim against Hawaiian Airlines that it breached the collective bargaining agreement ("CBA") under which he was employed. In labor disputes involving airlines, the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, "generally requires exhaustion of internal grievance procedures . . . ," and "federal courts have no jurisdiction until a final award is made by" an adjustment board provided for in

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the RLA. *Kozy v. Wings W. Airlines, Inc.*, 89 F.3d 635, 639 (9th Cir. 1996). Debeikes does not dispute that he failed to exhaust the mandatory grievance process provided for by the RLA and the CBA. Instead, he argues that he was excused from the exhaustion requirement.

Such argument is unavailing. First, because he does not allege that Hawaiian Airlines repudiated "the specific grievance procedures provided for in the CBA," Debeikes cannot avail himself of this exception to exhaustion. *Sidhu v. Flecto Co.*, 279 F.3d 896, 899 (9th Cir. 2002). His argument that bringing a grievance about the "predetermined" result of the disciplinary hearing would be futile fails. The record shows that he decided to forgo the grievance process and to retire before he allegedly learned that Hawaiian Airlines planned to terminate him. Second, Debeikes does not contest the district court's finding that the CBA permitted him to file a grievance on his own without the assistance of his union. Therefore, any alleged breach of the duty of fair representation cannot excuse a failure to exhaust because this is not a case where "the union ha[d] sole power . . . to invoke the . . . grievance procedure." *Carr v. Pac. Mar. Ass'n*, 904 F.2d 1313, 1319 (9th Cir. 1990) (quoting *Vaca v. Sipes*, 386 U.S. 171, 185 (1967)).

B

The district court also did not err in granting summary judgment on Debeikes's claim that the Association of Flight Attendants–CWA, AFL-CIO (the

3

"AFA") breached its duty of fair representation.[1]  Debeikes had to show that "the union's behavior [was] so far outside a wide range of reasonableness as to be irrational," *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (internal quotation marks and citation omitted), or present "substantial evidence of fraud, deceitful action or dishonest conduct," *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of Am. v. Lockridge*, 403 U.S. 274, 299 (1971) (internal quotation marks omitted).  We agree with the district court that Debeikes failed to put forward evidence that could support a finding that the AFA's conduct reached that high bar, especially in light of Debeikes's own decision (against the AFA's advice) to confess to inappropriate, harassing behavior and Debeikes's own initiation of retirement to protect his benefits.

II

Debeikes challenges the district court's denial of his request to reopen discovery.  "A district court abuses its discretion" in declining to reopen discovery "only if the movant diligently pursued its previous discovery opportunities, and if

---

[1] The district court suggested that the same jurisdictional exhaustion requirement that barred the claim against Hawaiian Airlines also applied to the claim against the AFA.  But, although other labor law contexts differ, the Supreme Court has held in the context of the RLA that a claim for breach of the duty of fair representation is a "discrete claim quite apart from the right of individual employees . . . to pursue their employer" and is not "subject to the ordinary rule that administrative remedies should be exhausted before resort to the courts." *Czosek v. O'Mara*, 397 U.S. 25, 28 (1970).

the movant can show how allowing additional discovery would have precluded summary judgment." *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) (internal quotation marks omitted). Debeikes's counsel was anything but diligent—he did not notice a single deposition in the year and a half that the discovery period was open—nor does he present anything but conjecture in his appellate briefs to suggest he would have discovered evidence to foreclose summary judgment. The district court therefore did not abuse its discretion.

III

Debeikes and Luiz appeal the district court's imposition of Rule 11 sanctions for filing a frivolous amended complaint. For the above reasons, we agree with the district court's view of the law, and we do not believe it made a "clearly erroneous assessment of the evidence" when it concluded that Luiz "failed to conduct an adequate investigation before filing the [amended] complaint." *Holgate v. Baldwin*, 425 F.3d 671, 675, 677 (9th Cir. 2005). The district court's thorough summary judgment ruling dismissing Debeikes's original complaint put Luiz on notice that a claim against Hawaiian Airlines could not succeed without excusing exhaustion, and the amended complaint did nothing to substantively address the failings of the original complaint with respect to exhaustion. The fact that the district court gave leave to file an amended complaint did not absolve Luiz of his Rule 11 obligations against submitting frivolous pleadings. *See Townsend v.*

5

*Holman Consulting Corp.*, 929 F.2d 1358, 1366 (9th Cir. 1990) (en banc) (upholding sanctions imposed because a "*first amended complaint* was filed without reasonable inquiry" (emphasis added)).  Luiz's contention to the contrary is itself frivolous.

IV

Finally, we consider Hawaiian Airlines' motion for damages under Federal Rule of Appellate Procedure 38, which permits a court of appeals to "award just damages" if "an appeal is frivolous."  "The decision to appeal should be a considered one, not a knee-jerk reaction to every unfavorable ruling," and sanctions are appropriate where the appellant "had no basis for appeal" and none of his "claims possessed a foundation in fact or law."  *Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir. 1989) (internal quotation marks and alterations omitted).

We agree with Hawaiian Airlines that the arguments Luiz has presented on appeal share all the flaws in failing to excuse exhaustion as did his arguments before the district court.  Luiz had the benefit of two thorough district court opinions explaining why Debeikes could not excuse his failure to exhaust, as well as a Rule 11 sanctions decision based on just that issue.  Nonetheless, he provides no explanation on appeal of how Debeikes can get around clear case law establishing that the exhaustion requirement applies where the employer has not repudiated the grievance procedure itself and the union does not have exclusive

6

authority to file grievances. In fact, Luiz's opening brief dedicates barely a page to exhaustion without addressing the district court's reasoning whatsoever.

Hawaiian Airlines asks us to award attorneys' fees and double costs as appropriate damages. Although the appeal is frivolous—at least as to the issues relevant to Hawaiian Airlines—Luiz's conduct is not as pernicious as the conduct of attorneys in some other cases where we have awarded significant sanctions. *See, e.g.*, *In re Girardi*, 611 F.3d 1027, 1066–67 (9th Cir. 2010) (in which the entire "litigation was based on . . . falsehoods," which were asserted "knowingly, intentionally, and recklessly"); *In re Becraft*, 885 F.2d 547, 548–49 (9th Cir. 1989) (in which an attorney made an argument plainly foreclosed by the Sixteenth Amendment's text, an argument the same attorney had unsuccessfully pursued in several courts).

We therefore follow the lead of the district court in awarding modest sanctions rather than full attorneys' fees, and we award Hawaiian Airlines double costs under Rule 38, to be paid by Luiz.

V

The judgment of the district court is **AFFIRMED**. Hawaiian Airlines' Motion for Damages Pursuant to FRAP Rule 38 (Docket No. 36) is **GRANTED IN PART**. Double costs are awarded to Hawaiian Airlines.

7